IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
WESTERN DIVISION

RORY TRAINOR                                                                                   PLAINTIFF

V.                               CASE NO. 4:17-CV-845-SWW-BD

BILL GILKEY, et al                                                                         DEFENDANTS

## RECOMMENDED DISPOSITION

### I.   Procedures for Filing Objections

This Recommended Disposition ("Recommendation") has been sent to Judge Susan Webber Wright. Mr. Trainor may file written objections to this Recommendation, if he wishes. Objections should be specific and should include the factual or legal basis for the objection. To be considered, all objections must be received in the office of the Court Clerk within 14 days of this Recommendation.

If no objections are filed, Judge Wright can adopt this Recommendation without independently reviewing the record. By not objecting, Mr. Trainor risks waiving his right to appeal questions of fact.

### II.   Discussion

   A.   Background

Rory Trainor, a former inmate in the Yell County Detention Center ("Detention Center"), filed this civil rights lawsuit without the help of a lawyer under 42 U.S.C. § 1983. (Docket entry #2) Mr. Trainor alleges that Yell County Jail Administrator Mike Leo May and Assistant Jail Administrator Carolyn Barefield were deliberately indifferent

to his serious medical needs. Mr. Trainor also complains that Dr. Darrell Elkin failed to provide him adequate medical treatment and medication for his hip, back, shoulders, and chronic diseases.

Defendants May, Barefield, and Elkin have now moved for summary judgment.[1] (#23) Mr. Trainor has not responded to the motion, and the time for doing so has passed. (#26) The motion is now ripe for review.

### B. Summary Judgment Standard

In a summary judgment, the Court rules in favor of a party before trial. A party is entitled to summary judgment if the evidence, viewed in a light most favorable to the party on the other side of the lawsuit, shows that there is no genuine dispute about any fact important to the outcome of the case. FED. R. CIV. P. 56; *Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23 (1986); *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 246 (1986).

### C. Undisputed Medical History

On April 15, 2017, Mr. Trainor submitted a medical request form requesting pain medication for his hip, back, and shoulders. (#24-1 at p.1) Specifically, he requested 1500 milligrams of Keppra per day and 850 milligrams of Neurontin at night. (*Id.*) Based on the notations made on Mr. Trainor's medical request form, it appears that his prescriptions for both Keppra and Nuerontin were filled on or around that date. (*Id.*)

---

[1] The Court previously dismissed Mr. Trainor's claims against Defendant Gilkey. (#10)

The medical logs show these prescriptions were provided to Mr. Trainor twice daily beginning April 19, 2017, through the remainder of his incarceration at the Detention Facility. (#24-4)

On May 9, 2017, Mr. Trainor submitted a medical request form asking for tennis shoes. (#24-1 at p.2) The notations on Mr. Trainor's medical request form indicate that he was approved for tennis shoes on or around that date. (*Id.*)

On May 11, 2017, Mr. Trainor submitted a medical request form stating that Defendant Elkin had provided him pain medication, but that he had not received any medication to treat his Hepatitis C or acid reflux. (#24-2) On or around that date, Mr. Trainor was prescribed naproxen, docusate sodium, hydroclorothiazide and nortriptyline. (#24-3 at p.14) Mr. Trainor received those medications twice daily starting on May 17, 2017. (*Id.*)

On May 21 and 29, 2017, Mr. Trainor submitted medical request forms complaining that his medications were still not correct. (#24-1 at pp.4-5) Notations on those medical request forms indicate that Defendant Elkin modified Mr. Trainor's existing prescriptions and added omeprazol. (*Id.*)

On June 25 and 28, 2017, Mr. Trainor submitted medical request forms notifying Defendant Elkin that he had been previously prescribed five milligrams of Prednizone and he wanted to resume taking it. (*Id.* at pp.6-7) Defendant Elkin reviewed Mr. Trainor's medical file and determined that Mr. Trainor had a seven-day prescription for Prednizone without any refills remaining from a previous incarceration. (*Id.* at p.7)

D. Deliberate-Indifference Claim

A public official's "deliberate indifference to a prisoner's serious illness or injury" violates the Eighth Amendment ban against cruel punishment.[2] *Estelle v. Gamble,* 429 U.S. 97, 105 (1976). "Deliberate indifference" is evidenced, however, only when "the official knows of and disregards an excessive risk to inmate health or safety; the official must both be aware of the facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." *Farmer v. Brennan,* 511 U.S. 825, 837. Negligence, even gross negligence, is insufficient to establish liability. *Fourte v. Faulkner County*, 746 F.3d 384, 387 (8th Cir. 2014) (quoting *Jolly v. Knudsen*, 205 F.3d 1094, 1096 (8th Cir. 2000)).

Moreover, mere disagreement with treatment decisions does not rise to the level of a constitutional violation. *Langford v. Norris*, 614 F.3d 445, 460 (8th Cir. 2010). Stated another way,"[i]n the face of medical records indicating that treatment was provided and physician affidavits indicating that the care provided was adequate, an inmate cannot create a question of fact by merely stating that 'he did not feel' he received adequate treatment." *Dulany v. Carnahan*, 132 F.3d 1234, 1240 (8th Cir. 1997).

---

[2] Mr. Trainor's inadequate medical care claims are analyzed under the Fourteenth Amendment's Due Process Clause, instead of the Eighth Amendment's Cruel and Unusual Punishment Clause, because he was a pretrial detainee (and not a convicted prisoner) while he was at the Detention Center. *Bell v. Wolfish*, 441 U.S. 520, 535 (1979). However, the Eighth Circuit applies the same deliberate-indifference standard whether claims are technically brought under the Fourteenth or Eighth Amendment. See *Vaughn v. Greene County, Ark.*, 438 F.3d 845, 850 (8th Cir. 2006).

Mr. Trainor asserts that his medical records from his previous incarceration at the Detention Center prove that Defendants acted with deliberate indifference to his medical needs. His medical records, however, indicate that he was consistently provided prescription medication during his incarceration at the Detention Center and that Defendant Elkin promptly adjusted Mr. Trainor's medication each time Mr. Trainor filed a medical request form.

Mr. Trainor has not come forward with any evidence contradicting that presented by Defendants. Based on the undisputed evidence in this record, there is insufficient evidence to support Mr. Trainor's deliberate indifference claims. To the contrary, the medical records show that Mr. Trainor's medical needs were consistently addressed and that he was provided both prescription and over-the counter medication to relieve his pain. These undisputed facts fall short of demonstrating negligence, much less deliberate indifference. Defendants are entitled to judgment as a matter of law.[3]

### III.   Conclusion

The Court recommends that Defendants' motion for summary judgment (#23) be GRANTED. Mr. Trainor's claims should be DISMISSED, with prejudice.

DATED, this 24th day of August, 2018.

_____
UNITED STATES MAGISTRATE JUDGE

---

[3] In their motion, Defendants also argue that they are entitled to qualified immunity. Because Mr. Trainor's deliberate-indifference claims fail as a matter of law, the Court will not address Defendants' qualified-immunity argument in this Recommendation.